Raymond J. DONOVAN, Secretary of
Labor, U. S. Department of Labor,
Plaintiff-Appellant,

v.

TEHCO, INC., a corporation, and Thomas
E. Howell, III, an Individual,
Defendants-Appellees.

No. 79–2658.

United States Court of Appeals,
Fifth Circuit.

Unit A

April 8, 1981.

Donald S. Shire, U. S. Dept. of Labor, Paula W. Coleman, Washington, D. C., for plaintiff-appellant.

Wolff & Wolff, Walter C. Wolff, Jr., San Antonio, Tex., for defendants-appellees.

Before BROWN, THORNBERRY, and WILLIAMS, Circuit Judges.

THORNBERRY, Circuit Judge:

The Secretary of Labor brought suit against appellee, Tehco, Inc.,[1] to enjoin recordkeeping and overtime violations of the Fair Labor Standards Act (FLSA)[2] and to recover overtime wages due under the Act. Of the forty-two workers at issue, the district court denied relief to twenty-two on the ground that the Secretary had failed to show that they were "employees" within the meaning of the FLSA. The Secretary challenges the court's conclusion with respect to nine of these workers. We affirm in part and reverse in part.

Tehco is in the business of building, maintaining, and rehabilitating gas service stations for major oil companies. The oil companies contract with Tehco, but Tehco then in turn contracts with other independent contractors and "contract laborers" to perform much of the work. The Secretary contends that the government sufficiently demonstrated at trial that the nine workers at issue, whom the district court concluded were "independent contractors" and whom Tehco labelled "contract laborers," were more properly characterized as "employees" falling within the overtime-wage protection of the FLSA.[3]

---

1. The president and manager of Tehco, Inc., Thomas E. Howell, is also named as an appellee. Hereinafter we will refer to appellees as "Tehco."

2. 29 U.S.C. § 201 et seq.

3. Section 207 provides in part that "no employer shall employ any of his *employees* ... for a workweek longer than forty hours unless such *employee* receives compensation for his em-

ployment ... at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added).

The Act defines "employee" as "any individual employed by an employer." § 203(e)(1). "Employ" is defined as including "to suffer or permit to work." § 203(g). The courts, however, have not interpreted these words literally, but rather have tailored them to fit the pur-

In deciding whether an individual is an "employee" within the meaning of the FLSA, the label attached to the relationship is dispositive only to the degree that it mirrors the economic reality of the relationship. *Usery v. Pilgrim Equipment Company, Inc.*, 527 F.2d 1308 (5th Cir.) *cert. denied*, 429 U.S. 826, 97 S.Ct. 82, 50 L.Ed.2d 89 (1976); *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975). As the Supreme Court stated in *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 67 S.Ct. 1473, 1476, 91 L.Ed. 1772 (1947): "Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Act."

The "usual path of an employee" is one hallmarked by the economic necessity of "finding employment in the business of others." *Fahs v. Tree Gold Co-op. Growers of Florida, Inc.*, 166 F.2d 40, 44 (5th Cir. 1948). The focal inquiry in the characterization process is thus whether the individual is or is not, as a matter of economic fact, in business for himself. *See Mednick, supra, Hodgson v. Ellis Transportation Co.*, 456 F.2d 937 (9th Cir. 1972); *Mitchell v. John R. Crowley and Bro., Inc.*, 292 F.2d 105 (5th Cir. 1961); *Wirtz v. Welfare Finance Corp.*, 263 F.Supp. 229 (N.D.W.Va., 1967). Five criteria have emerged to guide the determination of whether the individual whose status is in doubt is in "economic reality" an *independent* businessman: (1) the permanency of the working relationship, (2) the opportunity for profit and loss, (3) investment in matériel, (4) the degree of control, and (5) the individual's skill. *United States v. Silk*, 331 U.S. 704, 716, 67 S.Ct. 1463, 1469, 91 L.Ed. 1757 (1947); *Pilgrim Equipment, supra*.

With these considerations in mind, we turn to an examination of the individuals here in controversy.[4]

A. *Josh Topsy*

During the period relevant to this suit, Mr. Topsy worked almost solely for Tehco as, among other things, a pump mechanic and supervisor.[5] In addition to the permanency of the working relationship, the following facts are inconsistent with the district court's conclusion that Mr. Topsy was an independent contractor: he had no business organization; except for some hand tools, he supplied nothing but his labor; he supervised Tehco employees and was himself supervised, albeit loosely, by an admitted employee of Tehco; he had no power to hire or fire workers assisting him on particular jobs.

Mr. Topsy did, however, exercise prerogatives not customarily possessed by employees. He could choose the job assignments he wanted. He could elect to be paid by the hour or by the job and thus profit from foresight. His work patterns were unstructured. For example, he could work eighty hours one week and none the next. And although he did not work for others during this period, he was free to do so.

We disagree with the district court's conclusion, however, that Mr. Topsy's discretion in these particulars was sufficient to counterbalance the strong indicia of employee status. The totality of the circumstances convinces us that Mr. Topsy was not an independent businessman in any meaningful sense. When asked how his working relationship with Tehco differed from that when he was a foreman-employee for another construction company, he responded, "I was working under somebody else then." Trial transcript at 139. And when asked

poses of the Act. *See, e. g., Walling v. Portland Terminal Co.*, 330 U.S. 148, 67 S.Ct. 639, 91 L.Ed. 809 (1947); *Isaacson v. Penn Community Services, Inc.*, 450 F.2d 1306 (4th Cir. 1971).

4. In reviewing the district court's ultimate findings that the workers at issue were independent contractors, we are not constrained by the "clearly erroneous" standard. Rather, these ultimate findings are treated as legal determinations. *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1189 n.11 (5th Cir. 1979); *Shultz v. Hinojosa*, 432 F.2d 259, 264 (5th Cir. 1970).

5. Mr. Topsy testified that he worked for Tehco "ninety-nine and three-quarters percent of the time." Trial transcript at 134.

"has the way that you have conducted your work changed since you became an employee [for Tehco] as compared to before [when he was a contract laborer for Tehco]," he answered: "Basically it is the same thing." *Id.* at 136. We agree and conclude that Mr. Topsy was an employee of Tehco's during the contested period and thus entitled to the overtime wages prescribed by the FLSA. *See Ellis Transportation Co., supra.*

### B. *Blos Lozano*

 In contrast to Josh Topsy, Mr. Lozano worked for several other contractors during the period at issue, invariably worked by the job rather than by the hour, supplied his own materials on occasion, and possessed complete independence in hiring and firing those workers whom he needed to assist him on the job. Because we believe that these facts accurately indicate that Mr. Lozano was in business for himself as a concrete subcontractor, we affirm the district court's ruling as to him.

### C. *Grady Desmuke, Mike Harrison, Emelio Leima, Lupe Rendon, Rudy Salazar*

 The district court held that these five individuals were independent contractors because the government had failed to sufficiently show otherwise.[6] The government did introduce, however, wage transcriptions based on Tehco's payroll records showing the number of hours each of these men worked for Tehco and their rate of pay. Given the exceptionally broad definition of employee in the FLSA,[7] we conclude that this evidence was enough to shift the

burden of producing evidence to Tehco. *Cf. Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). Since Tehco introduced little or no evidence to show that these individuals on its payroll were in fact in business for themselves, the district court should have concluded that the government proved the employee status of these workers by the necessary preponderance of the evidence.[8]

### D. *Leo Garcia, Johnny Garcia, Doyle Barnes*

The district court failed to make any ruling or findings of fact with respect to Leo Garcia and failed to compute correctly the overtime wages found to be due Johnny Garcia and Doyle Barnes. From the record it is clear that Leo Garcia was an employee and that the district court intended to so find. Trial transcript at 132. As to Johnny Garcia and Doyle Barnes, the parties agree that the following additional amounts are due them respectively: $563.83; $8.19.

Accordingly, the judgment as to Blos Lozano is AFFIRMED. The judgment as to Johnny Garcia and Doyle Barnes is MODIFIED with respect to back-wage computations. The judgment as to Josh Topsy, Grady Desmuke, Mike Harrison, Emelio Leima, Lupe Rendon, Rudy Salazar, Kyle Perry, and Leo Garcia is REVERSED, and the case is REMANDED for proceedings consistent with this opinion.

---

**6.** The district court mistakenly included Lupe Rendon in this group of workers. Mr. Rendon, contrary to the district court's assertion, did testify at trial, and that testimony clearly revealed his employee status. In fact, the trial judge himself noted on the record that he was "definitely of the opinion that the rest of the witnesses [one of these being Lupe Rendon] were just plain employees." Trial transcript at 132. Thus, we believe that the court intended to find that Mr. Rendon was an employee, but failed inadvertently to do so. In any event, we conclude that he was an employee.

**7.** The definition is set forth in footnote 3. As the Supreme Court has stated: "A broader or more comprehensive coverage of employees

within the stated categories would be difficult to frame." *United States v. Rosenwasser*, 323 U.S. 360, 362, 65 S.Ct. 295, 296, 89 L.Ed. 301, 304 (1945).

**8.** This reasoning applies to Kyle Perry as well. The district court found that Mr. Perry was an independent contractor. But Mr. Perry did not testify at trial, and there is no evidence in the record to support this conclusion. Since the government proved that Mr. Perry worked for Tehco, and since Tehco failed to produce evidence showing that he was in fact in business for himself, we find that Kyle Perry was also a Tehco employee.