William T. MILLER and Coletta M. Miller, his wife, Plaintiffs,

v.

The FIRESTONE TIRE & RUBBER COMPANY and Barry W. Fink, Defendants.

Civ. A. No. 84–417.

United States District Court, W.D. Pennsylvania.

March 15, 1984.

Thomas A. Berret, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiffs.

Edward G. O'Connor, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for defendant Firestone.

## OPINION

WEBER, District Judge.

This action was removed from the Court of Common Pleas of Allegheny County on the basis of diversity jurisdiction. Plaintiffs have now filed a motion to remand. The pertinent facts are apparent from the pleadings and evidentiary materials and are not in dispute. For the reasons stated below, the motion to remand is denied.

## FACTS

This suit arises from a traffic accident on December 1, 1981 involving a Pittsburgh Port Authority bus in which Mr. Miller was a passenger. This accident has spawned a number of lawsuits in both the state and federal courts.

This action was commenced in Common Pleas Court on November 28, 1983 by filing a writ of summons against Firestone alone. On February 14, 1984, the complaint was filed naming Firestone and Barry Fink, a driver of one of the vehicles in the accident as defendants. Plaintiffs also had a pre-existing suit against Fink and others in Common Pleas for damages from this accident.

Plaintiffs and Fink are citizens of Pennsylvania. Despite this apparent lack of complete diversity, Firestone filed a petition for removal on diversity jurisdiction. Plaintiffs have now moved to remand.

## ANALYSIS

■ It is axiomatic that complete diversity of the parties is necessary for federal diversity jurisdiction. *Strawbridge v. Cur-*

*tiss,* 7 U.S. 267, 2 L.Ed. 435 (1806). The complaint filed in this case in Common Pleas reveals that complete diversity is lacking.

However, it is also true that the court will not consider nominal parties or parties fraudulently joined to defeat diversity and removal. *E.g. Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82 (10th Cir. 1964); *Parks v. New York Times Co.,* 308 F.2d 474 (5th Cir.1962). Firestone contends here that plaintiffs have joined Fink in this action solely for the purpose of defeating diversity jurisdiction and removal.

Firestone's burden of establishing such fraud is a heavy one. *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981). It must show outright fraud in the pleading or the absence of any opportunity for plaintiff to recover from the misjoined defendant. *Id.; Parks,* 308 F.2d 474. We believe that Firestone has carried its burden in this case.

Fink was not named as a defendant in the original summons. Following Firestone's removal of other suits arising from the bus accident, plaintiffs filed the complaint against both Firestone and Fink.

When this complaint was filed naming Fink as defendant for the first time in this lawsuit, the Pennsylvania 2-year limitations period for tort actions had passed.[1] Plaintiffs do not dispute this. It is clear that the claims against Fink in this suit are time-barred.

Plaintiffs are not without recourse against Fink. He is named as a defendant in a separate Common Pleas action previously filed by plaintiffs. The claims asserted against Fink in the instant case are essentially duplicative of those stated in the other suit. Joinder of Fink in the suit before us adds nothing to plaintiffs' claims.

Plaintiffs argue that Fink's presence in this suit is required because he was the operator of the vehicle with the Firestone tires which plaintiffs allege are the root of the accident. Plaintiffs do not elaborate and we see no compelling need for Fink's presence here as a party. Impleader is available to Firestone, a process which would not deprive this court of jurisdiction. Furthermore, plaintiffs' portrayal of Fink as a necessary party is undermined by the absence in this suit of the other drivers involved in the accident, defendants in the other action in Common Pleas.

## CONCLUSION

The facts reveal no purpose for the inclusion of Fink as a defendant in this suit, except that his presence would destroy complete diversity and prevent removal. Fink was added belatedly, after Firestone had undertaken removal of related suits. Plaintiffs' claims against Fink are duplicative of claims in another lawsuit, and are time-barred in this action. We conclude therefore that the joinder of Fink as a defendant was an obvious fraudulent effort to thwart removal. Consequently, we will not consider Fink's citizenship in determining diversity jurisdiction. Plaintiffs' Motion to Remand will be denied, and Fink is dismissed as a party to this action.

---

1. Firestone alleges some procedural irregularities under state law involving the reissuance of the summons. We decline to entangle ourselves in that problem. It is not necessary for our decision here.