David A. NOBERS, Robert R. Campbell, Jr., Gasper P. Porto, and Gary T. Weekly, individually and on behalf of themselves and all others similarly situated, Plaintiffs,

v.

CRUCIBLE, INC., a corporation and Colt Industries, Inc., a corporation, Defendants.

Civ. A. 84–1822.

United States District Court, W.D. Pennsylvania.

Feb. 8, 1985.

704

Thomas H.M. Hough, Pittsburgh, Pa., for plaintiffs.

William H. Powderly, III, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) Plaintiffs, former supervisors and managers at the Midland, Pennsylvania steel mill of defendant, Crucible, Inc., now known as Colt Industries Operating Corporation (CIOC), seek damages for alleged breach of express and implied contracts. Defendants are CIOC, a Delaware corporation with its principal place of business in New York, and Colt Industries, Inc. (Colt), a Pennsylvania corporation also headquartered in New York. CIOC is a wholly owned subsidiary of Colt. Named plaintiffs, two Pennsylvania citizens and two citizens of Ohio, brought this action individually and as class representatives of similarly situated former supervisors and managers at the Midland plant. According to the complaint, when plaintiffs left their bargaining unit in order to accept promotions as supervisors, they were promised permission to return to the union if they were laid off. However, when layoffs actually took place, defendants refused to allow their return to the bargaining unit.

(2) The instant civil action is related to previous litigation in this court in which plaintiffs filed suit against defendants, and others, based on Section 301 of The Labor Management Relations Act. *Nobers, et al. v. Crucible, Inc., et al.*, No. 82–1846 (W.D. Pa.1982), *aff'd mem.* 722 F.2d 733 (3d Cir. 1983). The operative events are identical but the claims in the earlier suit arose under the collective bargaining agreement and certain federal statutes. We granted defendants' motion for summary judgment and the Court of Appeals affirmed by judgment order dated October 13, 1983.

(3) This action was originally filed in the Court of Common Pleas of Beaver County, Pennsylvania, on June 28, 1984. Defendants removed to this court by a petition filed on July 26, 1984. *See* 28 U.S.C. § 1441. Plaintiffs now move for remand to state court and Colt moves for dismissal for failure to state a claim upon which relief can be granted.

(4) Because the motions for remand and dismissal are interdependent, we will discuss each in concert. Plaintiffs allege lack of subject-matter jurisdiction under 28 U.S.C. § 1332 because Pennsylvania citizens, specifically Nobers, Porto and Colt, are present on both sides of the action. Complete diversity is therefore lacking, according to plaintiffs. Colt counters that it has been fraudulently joined for the purpose of destroying diversity and to maintain the action in state court.

(5) In removal cases, the defendant bears the burden of establishing the existence of federal jurisdiction. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). Where, as here, defendants assert "fraudulent joinder," they also have the burden of demonstrating the alleged "fraud." *Id.* Fraudulent joinder must be established by clear and convincing evi-

dence. *Parks v. New York Times, Co.,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). *See also Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). Thus, defendants' burden to preserve removal is a heavy one. *Miller v. Firestone Tire & Rubber Co.,* 581 F.Supp. 36 (W.D.Pa.1984).

■ (6) The "fraudulent joinder" of a non-diverse defendant cannot defeat the right of removal. *Wilson, supra,* 257 U.S. at 97, 42 S.Ct. at 37. "Fraudulent joinder" is established when the claim alleged against the non-diverse defendant could not possibly impose liability under the applicable state law and the facts alleged. *B., Inc., supra,* 663 F.2d at 550; *Miller, supra,* 581 F.Supp. at 37; *Buchanan v. Delaware Valley News,* 571 F.Supp. 868, 870 (E.D.Pa.1983); *Newman v. Forward Lands, Inc.,* 418 F.Supp. 134, 136 (E.D.Pa. 1976). Stated differently, the cause of action cannot be "colorable," 14 Wright & Miller § 3723; assert an "arguably reasonable basis" for imposing liability, *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979); or "conceivably" allow recovery, *Dailey v. Elicker,* 447 F.Supp. 436, 438 (D.Colo.1978). In this context, "fraudulent" is a term of art and not intended to impugn the integrity of a plaintiff or counsel. *Newman, supra,* 418 F.Supp. at 136; 14 Wright & Miller § 3723. Therefore the intent or motive of a plaintiff in joining a non-diverse defendant is immaterial. *Mecom v. Fitzsimmons Drilling Co.,* 284 U.S. 183, 189, 52 S.Ct. 84, 87, 76 L.Ed. 233 (1931). Our determination of whether Colt has been fraudulently joined must be made on the basis of the record at the time the petition for removal was presented. *Westmoreland Hospital Association v. Blue Cross of Western Pennsylvania,* 605 F.2d 119, 124 (3d Cir.1979), *cert. denied,* 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed. 759 (1980).

■ (7) At the outset we are confronted with the question whether Colt is possibly liable on the claims for breach of express and implied employment contracts. We find that the claims are not colorable. Plaintiffs have failed to allege that they were ever employed by Colt. Paragraph 55 of the complaint pleads, rather, that Crucible, Inc., now represented by its successor in interest, CIOC, was plaintiffs' sole employer:

> The named Plaintiffs and all other members of the class similarly situated are former supervisors and managerial employees of Defendant, Crucible, Inc., who prior to promotion to a supervisory or managerial position had been employed in classifications included in a collective bargaining unit with Defendant, Crucible, Inc., and who have been continuously employed by Defendant, Crucible, Inc., for a minimum of twenty years.

Therefore, since Colt never employed plaintiffs it is clear that no contract of employment existed between them. Plaintiffs' assertion that Crucible acted "in concert" with and "at the direction of" Colt is insufficient to support contractual liability against Colt. *See* paragraphs 34 and 39 of complaint.

■ (8) Colt could possibly incur liability on the alleged employment contracts if the corporate separateness was disregarded. A parent company, like any stockholder, is not normally liable for contractual obligations of a subsidiary, even if that corporation is its wholly-owned subsidiary. *George A. Davis, Inc. v. Camp Trails Co.,* 447 F.Supp. 1304, 1307 (E.D.Pa.1978). Such liability occurs only by application of the "alter ego" theory to pierce the corporate veil. *Publicker Industries, Inc. v. Roman Ceramics Corp.,* 603 F.2d 1065, 1069 (3d Cir.1979). The veil should be pierced "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime." *Zubik v. Zubik,* 384 F.2d 267, 272 (3d Cir.1967), *cert. denied,* 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968). The Court of Appeals has enunciated relevant factors to consider in applying this test:

[F]ailure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

*United States v. Pisani,* 646 F.2d 83, 88 (3d Cir.1981). Gross undercapitalization is also a factor. *Id.* These requirements are "demanding" and require "specific, unusual circumstances." *American Bell, Inc. v. Federation of Telephone Workers of Pennsylvania,* 736 F.2d 879, 886 (3d Cir.1984).

■ (9) Plaintiffs have failed to allege any of the factors which might support the treatment of Colt and CIOC as alter egos. This is not surprising because Crucible, Inc. was an independent, fully-functioning corporation before being acquired by Colt. Furthermore, the allegations of joint action are not sufficient to justify piercing the corporate veil. Consequently, Colt and CIOC must be regarded as separate and independent corporations as a matter of law.

(10) Case law is in accord. In *DuSesoi v. United Refining Co.,* 540 F.Supp. 1260 (W.D.Pa.1982), the parent company approached the plaintiff and conducted discussions leading to an offer of employment. Since the agreed salary went beyond the pay scale of the parent company, an employment contract was signed between the plaintiff and the wholly-owned subsidiary. The plaintiff thus became an employee of the subsidiary. *Id.* at 1264. The district court dismissed the breach of employment contract claims against the parent, refusing to pierce the corporate veil or find the parent company liable for the contractual obligations of its subsidiary. *Id.* at 1266. *See also George A. Davis, Inc., supra* (parent company not liable for contractual obligations of wholly-owned subsidiary). Given the lack of allegations to support piercing the corporate veil, and

the precept that a parent corporation is not liable for the contracts of a subsidiary, we hold that plaintiffs have no colorable claim against Colt for breach of the alleged employment contacts. We turn now to the question whether plaintiffs have stated a colorable claim sounding in tort.

(11) As noted earlier, plaintiffs allege that Crucible acted "in concert" with and "at the direction of" Colt. *See* complaint at paragraphs 34, 39 and 48. Although the claims are labeled "Assumpsit—express contract" and "Assumpsit—implied contract," a generous reading of the complaint arguably suggests a tort action against Colt, possibly for inducing breach of contract or interference with contractual relations. Moreover, the parties have addressed the removability of a tort action in their briefs.

(12) Absent certain limited exceptions, which we will discuss, the assertion of a tort claim against Colt destroys complete diversity, and requires remand under 28 U.S.C. § 1447(c). Congress has provided that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Thus, the doctrine of "fraudulent joinder" would not be available. Defendants rejoin, however, that the case might properly be heard in federal court through the doctrine of ancillary jurisdiction, or because the tort claim is a separate and independent cause of action pursuant to 28 U.S.C. § 1441(c). Plaintiffs counter that the lack of complete diversity requires remand to state court.

(13) The Supreme Court addressed 28 U.S.C. § 1441(c) in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The Court noted that § 1441(c) was intended to abridge the right of removal under previous statutes, and articulated the following test:

> [W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and indepen-

dent claim or cause of action under § 1441(c).

*Id.* 341 U.S. at 10, 14, 71 S.Ct. at 538, 540. The Court concluded that the plaintiff had failed to meet the test; the district court was without original jurisdiction due to want of diversity; and remand was required.

■ (14) In *Mayflower Industries v. Thor Corp.,* 184 F.2d 537 (3d Cir.1950), *cert. denied* 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951), the Thor corporation terminated its relationship with the plaintiff, its exclusive New Jersey distributor, and simultaneously entered into a distributorship agreement with Teldisco. The plaintiff, a New Jersey corporation, brought an action for breach of contract against Thor, an Illinois corporation, and asserted a tort claim against Teldisco, a New Jersey corporation. The Court of Appeals held that both claims arose from a "single economic injury" and did not constitute separate and independent causes of action under § 1441(c). *Id.* at 539. The court ordered remand to state court. Although defendants contend that *Mayflower* is not controlling because it predates *Finn,* we find that the holding is harmonious with the "single wrong" test of *Finn. Mayflower* commands that we find no separate and independent claims or causes of action. The "single wrong" alleged by plaintiffs is the refusal to return them to their former bargaining units at the time they were placed on layoff status, and defendants' reliance on 28 U.S.C. § 1441(c) is misplaced.

■ (15) Colt further contends that we have ancillary jurisdiction over the entire case in order to preserve our judgment in the *Nobers* litigation at No. 82–1846 (W.D.Pa.1982). No authority is cited by defendant, and our research has failed to uncover any case in which removal was permitted on the basis of ancillary jurisdiction. The reason is clear; the removal procedure set forth at 28 U.S.C. § 1446(b) requires that the initial pleading in the state court set forth the basis for removal. *See La Chemise LaCoste v. Alligator Co.,* 506 F.2d 339, 344 (3d Cir.1974) *cert. denied*

421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). The instant complaint alleges only state law claims in contract and tort. No basis for removal can be ascertained from the face of the complaint. As the Supreme Court declared in *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 · L.Ed. 70 (1936), the federal question must be disclosed upon the face of the complaint, unaided by the answer or the petition for removal. Although ancillary jurisdiction differs from federal question jurisdiction, we believe that *Gully* applies here as well.

(16) Indeed, the proper method for protecting a federal judgment jeopardized by a state court action is well-established. A defendant should plead res judicata as an affirmative defense to the state court action. In extraordinary circumstances, the defendant may bring a separate federal action to enjoin the state court proceeding pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283. The Act specifically authorizes injunctions to stay state court proceedings in order to protect or effectuate the judgments of a federal court. Only at this point does ancillary jurisdiction come into play in order to provide a basis for hearing the injunction action. *Southwest Airlines Co. v. Texas International Airlines, Inc.,* 546 F.2d 84, 90 (5th Cir.1977), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed. 93 (1977). However, given concerns of comity, federalism, and a proper reluctance to interfere in the business of a coexisting judicial system, the grant of an injunction is the exception rather than the rule. *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.,* 708 F.2d 582, 585 (11th Cir.1983). Doubts should be resolved in favor of the state court litigation. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970).

(17) Plaintiffs have alleged claims for breach of contract and tort as new bases for redressing what appears to be the same grievance asserted in the previous action, namely, the refusal to return them to their bargaining unit at the time of layoff. Res

judicata or claim preclusion bars relitigation of not only those issues actually decided, but also litigation of new grounds for recovery which could have been asserted in the initial action. 18 Wright & Miller § 4407; *see Delta Air Lines, supra,* at 586. In order to aid efficient disposition of this issue on remand, a transcript of our findings and order in the first *Nobers* litigation is attached. We add in conclusion that we are at a loss to explain the failure of plaintiffs to include the instant claims as pendent claims in the original action in this court.

 (18) Other case authority indicates that the use of ancillary jurisdiction is improper. Ancillary jurisdiction does not extend beyond the claims asserted in one action. *Redding Ford v. California State Board of Equalization,* 722 F.2d 496, 498 (9th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 84, 83 L.Ed.2d 31 (1984); *see Ambromovage v. United Mine Workers of America,* 726 F.2d 972, 989 n. 48 (3d Cir. 1984) ("[A]ncillary jurisdiction" traditionally refers to federal jurisdiction over claims other than those of plaintiff). Employing ancillary jurisdiction, as urged by defendant, would also offend the Supreme Court's ruling in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The Court disavowed ancillary jurisdiction where the plaintiff's nonfederal claim against the third party defendant destroyed complete diversity. *Id.,* 437 U.S. at 376–77, 98 S.Ct. at 2403–05. The Court emphasized that neither the convenience of litigants nor considerations of judicial economy could justify ancillary jurisdiction over the plaintiff's cause of action against a nondiverse party. *Id.* at 377, 98 S.Ct. at 2404. Given the foregoing, it is clear that ancillary jurisdiction is not available here.

(19) Since neither § 1441(c) nor the doctrine of ancillary jurisdiction authorize federal jurisdiction over a tort claim against Colt, the presence of Colt destroys complete diversity, and the right of removal under 28 U.S.C. § 1441(b). *Field v. Volkswagenwerk AG,* 626 F.2d 293 (3d Cir.1980)

and *Publicker Industries, Inc. v. Roman Ceramics Corp.,* 603 F.2d 1065 (3d Cir. 1979) are not to the contrary. There the district court had original jurisdiction. Here we have none. In sum, since we are without original jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

A written order will follow granting the motion of plaintiffs to remand.