**Alan FRANK, Plaintiff,**

v.

**E.S.P.N. and Donald Fox, Defendants.**

**Civ. A. No. 88–2714.**

United States District Court,
W.D. Pennsylvania.

March 6, 1989.

Sanford A. Middleman, Pittsburgh, Pa., for plaintiff Frank.

Ronald W. Crouch, Pittsburgh, Pa., for defendant E.S.P.N.

## MEMORANDUM AND ORDER

SMITH, District Judge.

This matter is before the Court pursuant to a Motion to Remand filed by Alan Frank (plaintiff). Plaintiff originally filed suit against defendants, ESPN and Donald Fox, in the Allegheny County Court of Common Pleas. Plaintiff's complaint alleged defamation by both defendants. Defendant, ESPN, petitioned for removal contending that diversity jurisdiction exists despite the fact that plaintiff and Fox are both Pennsylvania citizens because the plaintiff fraudulently and improperly joined defen-

dant Fox for the sole purpose of avoiding and defeating the removal of this action.

■ ESPN correctly cites *Nobers v. Crucible, Inc.*, 602 F.Supp. 703 (W.D.Pa.1985) for the principle that " 'fraudulent joinder' of a non-diverse defendant cannot defeat the right of removal. [citation omitted] 'Fraudulent joinder' is established when the claim alleged against the non-diverse defendant could not possibly impose liability under the applicable state law and the facts alleged." *Id.* at 706. ESPN, however, fails to recognize that *Nobers* places on the defendant the heavy burden of proving fraudulent joinder by clear and convincing evidence. *Id.* at 705.

■ We fail to find that this clear and convincing burden has been met by ESPN. Although ESPN contends that Fox is a police officer of Allegheny County[1] and therefore immune from liability on the grounds of governmental and official immunity,[2] it is important to recognize that the complaint does not name Donald Fox in his official capacity. Nor does Plaintiff's Complaint allege that Fox's tortious conduct was committed within the scope of his office or duties, thereby, entitling him to governmental or official immunity. Consequently, ESPN's contention that no cause of action lies against Fox is erroneous and the joinder is not fraudulent.

■ ESPN also urges this Court to find that the claims against Fox and ESPN have been improperly joined because they are separate and independent.[3] Specifically, ESPN asserts "that the Complaint does not allege that said defendant Donald Fox was either the source from which Petitioner obtained information pertaining to plaintiff, or in any manner or degree a contributor to Petitioner's knowledge of such information which led to the alleged defamatory statement from which this action arose...." (ESPN's Petition to Remand, paragraph 5). Therefore, ESPN asserts that "any defamatory statement uttered or published by Fox is unrelated in any manner to the alleged publications of ESPN...." (Id., paragraph 6). ESPN further submits that "Plaintiff's Complaint reveals that the claims against defendants ESPN and Fox are in separate counts, and at best allege separate bases of alleged liability." (ESPN's Response to Motion to Remand, p. 3).

■ We fail to find that the claims against the defendants are separate and independent thereby warranting removal by ESPN. The fact that the claims are in separate counts has no bearing on our determination of whether they are separate and independent. *See Village Improvement Assoc. v. Dow Chemical Co.*, 655 F.Supp. 311 (E.D.Pa.1987) (quoting *Alfalfa Cubes, Inc. v. Dutton*, 618 F.Supp. 1425, 1427 (D.Kans.1985)). The test to be applied in determining this issue is "whether the allegations serving as the basis of the non-removable claims involve substantially the same facts and transactions as do the allegations serving the basis of the 'removal' claim." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), *construed in Village Improvement Assoc.*, 655 F.Supp. at 316.

In the instant case, the allegations against defendant Fox do involve substantially the same underlying facts as the allegations against defendant ESPN. Both claims center on the alleged defamatory statements. This will require identical proofs from each defendant regarding the

---

**1.** The fact that defendant Fox may be a police officer with Allegheny County is alleged by ESPN in its Response to Plaintiff's Motion to Remand. Plaintiff's complaint avers only that Fox was an investigator employed by the County of Allegheny. (Complaint, paragraph 18).

**2.** *See* 42 Pa.C.S.A. § 8545–8546 (Purdon's 1980).

**3.** ESPN relies on 28 U.S.C. § 1441(c) as authority for its Petition for Removal. Section 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all the issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

truth or falsity of the statements.[4] Consequently, the claims against defendants ESPN and Fox are not separate and independent.

Arguably, the claims may be separate. Nevertheless,

> Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim.... In a suit covering multiple parties or issues based on a single claim there amy be only one cause of action and yet be separable controversies. The addition of the word "independent" gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

*American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 12, 71 S.Ct. 534, 539, 95 L.Ed. 702 (1951). Accordingly, even if the claims against defendants ESPN and Fox were separate, removal would be precluded in the absence of independent actions.

For these reasons, we conclude that removal in this case is improper. Plaintiff's Motion to Remand will be granted.

---

**4.** *See* 42 Pa.C.S.A. § 8343(b) (Purdon's 1976) for the defendant's burden of proof in an action for defamation.