**CHILTON PRIVATE BANK, Plaintiff,**

v.

**NORSEC–COOK, INC., a Delaware corporation; Creative Cuisine, Inc., d/b/a the Rib Exchange; Banazer International Development Co.; North American Assets Trust Limited; Unknown Owners and Non Record Claimants, Defendants.**

No. 88 C 10537.

United States District Court,
N.D. Illinois, E.D.

May 11, 1989.

See also, Bkrtcy., 96 B.R. 144.

Denis B. Pierce, Pierce & Associates, Martin F. Hauselman, Patricia O'Brien Norum, and Rhoda E. Markovitz, Chicago, Ill., for plaintiff.

A.N. Rosie Rosenbaum, McDermott, Will & Emery, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is plaintiff's Motion to Remand this matter to state court. *See* 28 U.S.C. § 1447(c). For the following reasons, the motion is granted.

## FACTS

On or about August 4, 1988 Chilton Private Bank ("Chilton") filed a complaint to foreclose a mortgage in the Circuit Court of Cook County, Illinois. *Chilton Private Bank v. Norsec–Cook, Inc., et al.*, case no. 88 CH 7096. The real estate subject to that mortgage is located at 911 West Higgins Road, Schaumburg, Illinois (the "Real

Estate"). Defendants in that mortgage foreclosure proceeding include Norsec–Cook, Inc. ("Norsec–Cook"), the mortgagor which signed a Note to Chilton in the principal sum of $220,000.00 and whose Note and Mortgage are allegedly in default; Creative Cuisine, Inc., d/b/a The Rib Exchange ("Creative Cuisine"), the tenant of the Real Estate and an Illinois corporation; Banazer International Development Co., a former lessee of the Real Estate whose name is mentioned on a deed recorded in the Recorder's office; and North American Assets Trust, Ltd. ("NAAT"), by virtue of its memorandum of judgment against Norsec–Cook in the amount of $794,855.00, which has been recorded against Norsec–Cook's interest in the Real Estate. Also named as defendants in the mortgage foreclosure proceeding are Unknown Owners and Non Record Claimants.

Creative Cuisine was in bankruptcy at the time this action was commenced. *See* 11 U.S.C. § 101 *et seq.; In Re: Creative Cuisine, Inc.,* 96 B.R. 144. On November 17, 1988, the bankruptcy court entered an order (the "Order"), pursuant to Section 365 of the United States Bankruptcy Code, that the lease between Norsec–Cook and Creative Cuisine (the "lease") is "deemed rejected." On December 15, 1988, NAAT filed its Notice of Removal, alleging that Creative Cuisine, whose Illinois residency originally destroyed diversity jurisdiction and hence removability no longer has an interest in the Real Estate as a result of the Order.

## DISCUSSION

This action should be remanded to the state court if it was removed improvidently. 28 U.S.C. § 1447(c). The court begins its analysis of whether removal was proper by finding that Creative Cuisine was originally joined fraudulently or improvidently in the state court action.

■ "The 'fraudulent joinder' of a non-diverse defendant cannot defeat the right of removal." *Nobers v. Crucible, Inc.,* 602 F.Supp. 703, 706 (W.D.Penn.1985) (citations omitted). But "fraudulent joinder" is a misnomer; the issue is really whether the joinder was "improvident." *Id.* That is, the motive of the plaintiff is immaterial. Rather, the issue is whether there is an arguably reasonable basis for imposing liability. *Id.* Here, at the time the state court action was commenced, Chilton named Creative Cuisine as a defendant despite the fact that Creative Cuisine was in bankruptcy. Thus, the joinder of Creative Cuisine clearly violated 11 U.S.C. § 362, which automatically stays proceedings against debtors in bankruptcy.

■ In apparent recognition of this violation, Chilton later sought relief from the automatic stay on November 22, 1988. Apparently, this relief was granted, although the record does not provide the date. For simplicity, the court assumes this relief was granted on November 22, 1988. Thus, prior to November 22, 1988, joinder of Creative Cuisine was improvident.

As improper joinder of a non-diverse party cannot defeat the right of removal, it follows that a plaintiff should in no way profit from improper joinder. Plaintiff argues that the removal notice was not timely filed, because the Order was not a "voluntary act" of the plaintiff and is not a part of the state court record, and therefore does not trigger the thirty-day opportunity to file a notice of removal pursuant to 28 U.S.C. § 1446(b). Acceptance of this argument would allow plaintiff to benefit from its improper joinder of Creative Cuisine, because if plaintiff had not joined Creative Cuisine prior to receiving relief from the automatic stay, NAAT could and probably would have removed this action within 30 days of the filing of the state action. Once Creative Cuisine was joined, plaintiff probably would have moved for remand, and the timeliness of the removal notice would not have been an issue. Therefore, the court considers defendant's notice of removal to be timely filed.

■ The court next considers plaintiff's argument that Creative Cuisine remains a party with more than a nominal interest, and thus continues to defeat diversity jurisdiction. "In removal cases, the defendant bears the burden of establishing the exist-

ence of federal jurisdiction." *Id.* at 705 (citations omitted). Thus, the court will consider whether NAAT has demonstrated that, as of the time of the granting of relief from the automatic stay, Creative Cuisine was a nominal party.

NAAT argues that the Order eliminates any rights of Creative Cuisine regarding this action. However, Chilton states that despite the Order Creative Cuisine retains an interest in the state court action for two reasons. First, Chilton argues that Creative Cuisine retains a possessory interest in the Real Estate. Second, Chilton argues that because the Order emanates from the bankruptcy court rather than the state court, it does not eliminate Creative Cuisine from the state court action. Chilton asserts that Creative Cuisine's interest in the Real Estate must be determined in the state mortgage foreclosure proceeding before clear title can be passed.

NAAT has failed to disprove either of these arguments. Regarding the issue of whether Creative Cuisine retains a possessory interest, the court has only the unverified allegations of counsel in the memoranda to draw from. Counsel for NAAT alleges that Creative Cuisine has relinquished the keys to the premises to NAAT. Counsel for Chilton challenges this assertion, and alleges that Creative Cuisine maintains furniture and a sign on the premises. The court concludes that NAAT has failed to demonstrate that Creative Cuisine has no possessory interest. NAAT has also failed to demonstrate that such a possessory interest would not make Creative Cuisine more than a nominal party. NAAT cites no legal authority on the issue, and Chilton's argument that such an interest precludes transfer of clear title is plausible.

NAAT has further failed to refute Chilton's second argument. In essence, NAAT argues that the Order justifies dismissal of Creative Cuisine from this action. However, it is more properly the province of the state court than this court to evaluate the impact of the Bankruptcy Court's Order on the state court action. Because the state court has issued no order evaluating the extent of Creative Cuisine's interest, this court will not assume that Creative Cuisine's interest is now nonexistent or nominal.

For these reasons, the court finds that NAAT has failed to demonstrate the existence of federal jurisdiction. Therefore, the court need not consider plaintiff's remaining arguments for removal.[1] In sum, the Motion to Remand is granted.

IT IS SO ORDERED.

---

1. The court would be inclined to allow curative amendments to the notice of removal. Moreover, as to the issue of "unknown owners," the parties should be aware that Section 1016 of the Judicial Improvements and Access to Justice Act amends 28 U.S.C. § 1441(a) to state: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."