729 F.Supp. 73 (1990)
Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff,
v.
AMERILINK CORPORATION, Defendant.
No. 88-2122C(6).
United States District Court, E.D. Missouri, E.D.
January 18, 1990.
*74 JayLynn Fortney, George R. Salem, Sol. of Labor, Tedrickk A. Housh, Jr., Regional Sol., and Jamison Ann Poindexter, Atty., Kansas City, Mo., for plaintiff.
James P. Mannion, Jr., Sabrina Wrenn, Bryan, Cave McPheeters & McRoberts, St. Louis, Mo., and Ronald James and Helen Kryshtalowych, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

MEMORANDUM OPINION
GUNN, District Judge.
The Secretary of Labor brings this civil action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, against Amerilink Corporation ("Amerilink") alleging that defendant violated minimum wage and overtime requirements with regard to its cable television installers.
This case was tried to the Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Fed.R. Civ.P. 52.

I. Findings of Fact

1. During the period from November 1, 1986 to the date of trial, cable TV installers provided installation services for Amerilink to the various cable systems in the greater St. Louis area.
2. Amerilink compensates the installers on a "per job" basis. (Tr. 18, 294)
*75 3. The installers do not bid on their pay or the type of work Amerilink does. However, when a household requires a custom installation, Amerilink occasionally uses an installer's assistance in formulating Amerilink's bid to the cable company.
4. The installers obtain a geographically-grouped list of jobs to be done each day from the Amerilink offices. (Tr. 51, 294) The installers pick out their routes as they arrive at the Amerilink offices with those arriving earliest obtaining the best routes. When several installers arrive simultaneously at the offices, those with the most seniority choose first. The best routes are those which list jobs in close geographic proximity to each other resulting in the least possible travel time between jobs. Similarly, jobs which can be done quickly, based, for instance, on the layout of the home in which the cable is to be installed, are also desirable jobs.
5. Amerilink requires the installers to purchase their own tools. (Tr. 16, 21, 45, 70, 110, 127) Amerilink supplies the materials to be installed.
6. Amerilink requires the installers to furnish their own trucks and to place a magnetic sign on the vehicle reading "Cable Television."
7. Amerilink requires the installers to wear shirts bearing the identifying "Cable Television" insignia. The installers may, but are not required to, purchase these shirts from Amerilink.
8. If an installation is done improperly, or does not meet Amerilink's quality standards, the installers either redo the installation for no further payment, or they are charged back for the payment to another installer for redoing the work.
9. Installers carry their own workers' compensation insurance. They are free to arrange for the insurance themselves, or Amerilink purchases the insurance and deducts the premiums from the installers' pay checks.
10. The installers pay their own income taxes and social security.
11. The installers may employ helpers to assist them in getting jobs done and several of them do so on a regular basis. The installers pay their helpers. Amerilink exercises no control over the installers' use of helpers, except with regard to the quality of the helpers' work.
12. The installers differ with regard to their understanding of whether they are expected to provide their own liability insurance. They are expected to pay any deductible amounts if they damage property they work on.
13. The installers are free to work for other contractors. They seldom do so, however, because of the time constraints involved with completing the work they accept from Amerilink.
14. The installers work on their own throughout each day. Amerilink does not supervise them. Amerilink exercises no control over the manner in which the installers perform their jobs except with respect to quality. The installers set their own hours.

II. Conclusions of Law

The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, provides minimum and overtime pay scales for covered employees. "Employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definitions of "employer" ("any person acting directly or indirectly in the interest of an employer in relation to an employee"), 29 U.S.C. § 203(d), and "employ" ("includes to suffer or permit to work"), 29 U.S.C. § 203(g), are equally broad and comprehensive in order to accomplish the remedial purposes of the act. See e.g., United States v. Rosenwasser, 323 U.S. 360, 362-63, 65 S.Ct. 295, 296, 89 L.Ed. 301 (1945). Therefore, the courts do not apply the traditional common law analysis to distinguish between "employees," to whom the Act applies, and "independent contractors," to whom it does not. Rather, the analysis focuses on the "economic reality" of the employment relationship. Sec'y of Labor, U.S. Dept. of Labor v. Lauritzen, 835 F.2d 1529, 1534 (7th Cir. 1987); Brock v. Mr. W Fireworks, Inc., 814 F.2d 1042, 1043 (5th Cir.), cert. denied, 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 *76 (1987). The ultimate determination is the degree to which the employee is dependent for his livelihood upon the employer. Usery v. Pilgrim Equipment Co., 527 F.2d 1308, 1311-12 (5th Cir.), cert. denied, 429 U.S. 826, 97 S.Ct. 82, 50 L.Ed.2d 89 (1976), or, on the other hand, whether "the individual is or is not, as a matter of economic fact, in business for himself." Id. [Citations omitted.] Merely labelling the individual as employee or independent contractor is not dispositive. Donovan v. Tehco, Inc., 642 F.2d 141, 143 (5th Cir.1981).
In performing its analysis, the Court is guided by six criteria:
(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
(4) whether the service rendered requires a special skill;
(5) the degree of permanency and duration of the working relationship;
(6) the extent to which the service rendered is an integral part of the alleged employer's business.
Lauritzen, 835 F.2d at 1535. The Court may not make its determination based on one particular factor, but rather must look to all the circumstances of the work activity. Lauritzen, 835 F.2d at 1534, citing Rutherford Food Corp. v. McComb, 331 U.S. 722, 730, 67 S.Ct. 1473, 1476, 91 L.Ed. 1772 (1947). Moreover, "the factors are not exhaustive, nor can they be applied mechanically to arrive at a final determination of employee status." Brock v. Mr. W Fireworks, Inc., 814 F.2d at 1043.

A. Control
The facts of this case persuade the Court that the control Amerilink exercises over its installers is not sufficient to implicate employee status. First, the installers not only can, but do, employ helpers to assist them. The installers are completely in charge of hiring, firing, paying and otherwise directing the helpers. Amerilink does not enter into these negotiations and arrangements in any way. While it is true that the helpers are constrained by the same specifications and quality control as the installers, the Court does not find that this fact alone alters the independence with which the installers and their helpers work.
Second, Amerilink exercises no control over the manner in which the installers perform their tasks. Again, the Court recognizes that Amerilink does impose quality controls on the installers. Nevertheless, this constraint inheres in any subcontractor relationship and the Court does not find this isolated instance of control dispositive. Amerilink does not exercise control with regard to the hours the installers work, the jobs the installers perform, or even whether the installers work at all. The installers do not wear uniforms, but merely a generic "cable television" insignia on their shirts.
As a whole, the facts of this case indicate that Amerilink does not exercise a degree of control sufficient to persuade the Court that the installers are employees.
The Court finds that the installers also have an opportunity for profit or loss independent of Amerilink's success or failure. Although none of the installers are incorporated or otherwise formally organized as independent business entities, they operate as independent self-determining businesses as a practical reality. The installers spend significant amounts of money on their trucks and tools. These sums represent a substantial investment in the installers' businesses, and these are sums which the installers must expend in order to do work for Amerilink. The company does not provide these tools. The Court finds that such an investment weighs in favor of independent contractor status. A carpenter or electrician performing subcontractor services will be expected to bring whatever tools he needs to the job; a clerical employee, by contrast, expects to find his pens, paper, adding machine, and typewriter at his work station, provided by the employer.
Further, the installers are responsible for purchasing their own insurance, as well *77 as rectifying and paying for any damage they cause or faulty installation.
The above details create an overall impression of economic independence from Amerilink. Any profit or loss that the installers experience is their own and results from their own efforts. Therefore, the Court concludes that the installers not only have the opportunity for individual profit and loss, but that this opportunity is directly related to their managerial skill.
Further, the installers possess the special skills of carpenters and electricians. These skills are required in order to obtain Amerilink jobs. The courts have held that "lack of the requirement of specialized skills is indicative of employee status." Dole v. Snell, 875 F.2d 802 (10th Cir.1989). Conversely, the requirement of specialized skills would seem to indicate independent contractor status.
With respect to independent initiative, the installers all testified that they earn as little or as much as they desire depending upon their initiative in arriving at the Amerilink offices early enough to get good routes and in their ability and willingness to work longer hours and complete jobs more quickly. This, in turn, depends to an extent on their organizational skill with regard to the hiring of helpers as well as their expertise at installation.
The installers are not permanent Amerilink employees. They change jobs extremely often. Some of them work for Amerilink more than once through any given year, sometimes for no more than four to six weeks at a time. Moreover, cable installation is not by its nature seasonal, such as was the case in Brock v. Mr. W Fireworks, Inc., 814 F.2d 1042 (5th Cir.), cert. denied, 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987); nor is the work intrinsically transient, Brock v. Superior Care, Inc., 840 F.2d 1054, 1061 (2nd Cir.1988) (nursing profession is by its nature transient). The Court concludes that the transiency of installers' relationships with Amerilink indicates independence.
Finally, the Court notes that cable installation is not only integral to Amerilink's business, it is the only work Amerilink does. This aspect of the installers' employment on its face would seem to weigh in favor of employee status. Nevertheless, the cases have clearly held that one factor, alone, should not be allowed to tip the balance. See, e.g., Halferty v. Pulse Drug Co., Inc., 821 F.2d 261, 265 (5th Cir.1987). More importantly, however, the Court finds that the fact that Amerilink only performs cable installation does not alter the overall impression that the installers are economically independent from Amerilink.

III. Conclusion

For all of the foregoing reasons the Court finds that the installers working for Amerilink are independent contractors and the wage and hour limitations of the Fair Labor Standards Act do not apply to them. Accordingly, the Court finds in favor of defendant as set forth in its accompanying order and judgment.

ORDER AND JUDGMENT
In accordance with the Court's Memorandum Opinion filed herewith this date,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and it is entered in favor of defendant and plaintiff takes nothing herein.