**Robert B. REICH, Secretary of Labor, United States Dep't of Labor, Plaintiff,**

**v.**

**D.C. WIRING, INC., a Corporation, and Mike McCarthy, individually as an employer and as President of D.C. Wiring, Inc., and David Bolt, individually and as an employer and as Vice–President of D.C. Wiring, Inc., Defendants.**

**Civil Action No. 95–5605 (JBS).**

United States District Court,
D. New Jersey.

Sept. 16, 1996.

---

J. Davitt McAteer, Acting Solicitor of Labor, Patricia M. Rodenhousen, Regional Solicitor, William S.J. Fraenkel, U.S. Department of Labor, New York City, for plaintiff.

Peter A. Gold, Jonathan M. Korn, Blank, Rome, Comisky & McCauley, Cherry Hill, NJ, for defendants.

## AMENDED OPINION

SIMANDLE, District Judge:

Plaintiff, Robert B. Reich, as Secretary of Labor (hereinafter the "Secretary"), brings this suit pursuant to section 17 of the Fair Labor Standards Act of 1938, codified at 29 U.S.C. § 217, alleging that defendants D.C. Wiring, Inc. (hereinafter "D.C. Wiring"), Mike McCarthy, and David Bolt have failed to pay employees time and a half for hours worked past forty in a work week, in violation of 29 U.S.C. § 207, as well as that they have failed to maintain proper records, in violation of 29 CFR § 516 et seq. Defendant D.C. Wiring is a New Jersey Corporation which engages in the business of cable television installation. (Complaint at ¶ II). Plaintiff seeks a permanent injunction restraining defendants from prospective violations of the aforementioned provisions, as well as payment of overtime compensation allegedly due defendants' employees since 1991, coupled with pre-judgment interest. Presently before the court is the motion of plaintiff to strike defendants' demand for a jury trial, pursuant to Fed.R.Civ.P. 39(a)(2), as well as to strike defendants' twelfth affirmative defense, the defense of nonmutual collateral estoppel, pursuant to Fed.R.Civ.P. 12(f).[1]

In seeking to assert the doctrine of nonmutual collateral estoppel, defendants are attempting to bind the government to the decision of the United States District Court for the Eastern District of Missouri in *Dole v. Amerilink Corp.*, 729 F.Supp. 73 (E.D.Mo. 1990), wherein the district court concluded after a bench trial, in similar suit brought by the Secretary of Labor against a provider of cable television installation services, that those individuals who performed installation services for the company were indeed independent contractors and not employees. In that case, as in this case, the Secretary alleged that defendants violated overtime requirements found in 29 U.S.C. § 207. The distinction is significant in that the FLSA provides protection only to those individuals who can be considered "employees." *See* 29 U.S.C. § 203(e)(1).

### Discussion

Plaintiff asserts that, pursuant to the unanimous decision of the Supreme Court in *United States v. Mendoza*, 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984), defendants are not entitled to assert the doctrine of nonmutual offensive collateral estoppel as a defense to a suit brought by the United States Government. (Pl. Br. at 5–7). In response, defendants argue that this is not a case nonmutual offensive collateral estoppel, but a case of nonmutual defensive collateral estoppel, and therefore assert that *Mendoza* is distinguishable. Thus, stated differently, the issue presently before the court is whether the United States Government can be bound by an earlier determination in a separate dispute to which it was a party, where

---

1. Defendants, in response to the instant motion, concede that they are not entitled to a jury trial for plaintiff's equitable claims, as they fail to oppose plaintiff's motion on this ground. *See In re Don Hamilton Oil Co.*, 783 F.2d 151, 151 (8th Cir.1986) ("Every court to consider the issue, with one exception later overruled, has held that there is no constitutional right to a jury trial in a § 217 action."). *See also Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir.1988); *Wirtz v. Jones*, 340 F.2d 901, 903–04 (5th Cir.1965). As such, the accompanying Order will reflect this concession and strike defendants' demand for a trial by jury.

the party seeking the estoppel in the present case was not a litigant in the earlier dispute. The answer is clear that the government cannot be so bound.[2]

In *Mendoza*, 464 U.S. at 156–57, 104 S.Ct. at 570–71, plaintiff filed a petition for naturalization into this country pursuant to a statute which had expired some thirty years earlier, arguing that the government's conduct in the matter violated Fifth Amendment due process. The district court, without addressing the merits of the application, granted the petition on grounds that the government was barred from relitigating the due process issue because it had previously been decided against the government in that district, a decision which the government had not appealed. The Ninth Circuit Court of Appeals affirmed, and the government sought review from the Supreme Court, arguing that the doctrine of nonmutual offensive collateral estoppel should not apply to the government. *Id.* at 158, 104 S.Ct. at 571.

The Supreme Court concluded that although it had approved of the expanded use of both offensive and defensive collateral estoppel to bar relitigation of both factual and legal issues in many instances, those instances did not involve the government as a party. The court noted that the government, by virtue of the substantial nature of the issues it is required to litigate, coupled with the geographic breadth of its litigation, is in a position dissimilar to that of a private litigant. *Id.* at 159, 104 S.Ct. at 571–72. Further, the court also expressed its concern that freezing the government to the first decision in a particular matter would hinder the development of "important questions of law" such that the court would be denied the necessary "percolation" of legal issues in the Courts of Appeal before being required to render a decision. *Id.* at 160, 104 S.Ct. at 572. Thus, binding the government to an initial decision would prejudice both the government and the legal system in general.[3] As a result of these foregoing concerns, the court reversed the Ninth Circuit and concluded that "nonmutual offensive collateral estoppel simply does not apply against the government in such a way as to preclude relitigation" in those cases "involving a litigant who was not a party to the early litigation." *Id.* at 162, 104 S.Ct. at 573.

Although the facts of *Mendoza* naturally limited its holding to cases involving nonmutual offensive collateral estoppel, lower courts, in interpreting this holding, have generally concluded that its logic applies with equal force to cases involving nonmutual defensive collateral estoppel. *See Hercules Carriers, Inc. v. Claimant State of Florida, Dep't of Transportation*, 768 F.2d 1558, 1579 (11th Cir.1985) ("Nor do we see any substantive difference between nonmutual offensive collateral which the Supreme Court addressed and nonmutual defensive collateral estoppel; in each instance the concerns expressed by the Supreme Court are applicable here . . ."); *American Federation of Government Employees, Council 214, AFL–CIO v. Federal Labor Relations Authority*, 835 F.2d 1458, 1462 (D.C.Cir.1987) ("Collateral estoppel will apply against the government only if mutuality of parties exists.").[4] Thus, it is

**2.** The Supreme Court explained the difference between nonmutual *offensive* collateral estoppel and nonmutual *defensive* collateral estoppel, and noted:

Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party. Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same or a different party. *Mendoza*, 464 U.S. at 159 n. 4, 104 S.Ct. at 571 n. 4 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979)). This is clearly a case of nonmutual defensive collateral estoppel, as defendants are seeking to bind the government to the decision in *Amerilink*. It is nonmutual because the instant defendants were not a party to the *Amerilink* action.

**3.** The court also noted that preventing the government from relitigating an issue would force the government to appeal every adverse determination, thus abandoning its concern for the proper allocation of limited resources and strip the executive branch of its discretion in controlling the progress of issues through the federal courts. *Id.* at 161, 104 S.Ct. at 573.

**4.** Defendants mistakenly direct this court to the dicta of the Third Circuit's decision in *Burlington Northern R. Co. v. Hyundai Merchant Marine Co.*,

clear that the government may not be bound by a prior litigation to which the instant defendants were not a party, as the mere fact that the government is a plaintiff in this case, as opposed to a defendant, does not alter the persuasive nature of the policy arguments articulated by the Supreme Court in *Mendoza.*

D.C. Wiring further argues that because it has operations in a number of states, it could potentially be required to comply with differing "independent contractor/employee" standards depending on the judicial district in which it is located. This argument, however, ignores the mutuality doctrine in that should defendants be successful in this action in this forum, the government would then likely be estopped from relitigating the issue on the basis of *mutual* defensive collateral estoppel. *See United States v. Stauffer Chem. Co.,* 464 U.S. 165, 174, 104 S.Ct. 575, 580–81, 78 L.Ed.2d 388 (1984) ("When estoppel is applied in a case where the government is litigating the same issue arising under virtually the same facts against the same party ... the government's argument [against the applicability of collateral estoppel] loses its force.").

Nothing herein prevents the instant defendants from arguing the factual similarities between this case and the decision in *Amerilink,* should there be any, nor does this decision prevent defendants from arguing the persuasive nature of the decision in *Amerilink,* should it have any. The government, however, is in no way estopped from arguing the merits of its position. As such, plaintiff's motion to strike the affirmative defense of nonmutual defensive collateral estoppel is hereby granted.

The appropriate Order was entered on August 27, 1996. This Amended Opinion corrects non-substantive errors in the Opinion filed August 27, 1996.

### ORDER

This matter having come before the court upon the motion of plaintiff, Robert B. Reich, to strike defendants' demand for a jury trial, pursuant to Fed.R.Civ.P. 39(a)(2), as well as upon plaintiff's motion to strike defendants' twelfth affirmative defense, namely, the defense of nonmutual defensive collateral estoppel, pursuant to Fed.R.Civ.P. 12(f); and the court having considered the submissions of the parties; and for the reasons stated in the opinion of today's date;

IT IS this 26th day of August, 1996 hereby

ORDERED that plaintiff's motion to strike defendants' demand for a jury trial, pursuant to Fed.R.Civ.P. 39(a)(2) be, and hereby is *GRANTED,* as unopposed; and it is

FURTHER ORDERED that plaintiff's motion to strike defendants' twelfth affirmative defense, the defense of nonmutual defensive collateral estoppel be, and hereby is *GRANTED.*

*Ltd.,* 63 F.3d 1227, 1232 (3d Cir.1995), for the proposition that *Mendoza* is exclusively limited to situations involving nonmutual offensive collateral estoppel. In that case, the Third Circuit merely noted the specific holding of the Court in *Mendoza,* which was, due to its factual posture, one of nonmutual offensive collateral estoppel. The logic of *Mendoza,* as is discussed in the text, is equally applicable to both offensive and defensive situations.